# IN THE COURT OF APPEALS OF IOWA

No. 18-1788
Filed July 24, 2019

**RALPH G. HEMESATH,**
    Plaintiff-Appellant,

**vs.**

**COUNTY LINE BAR AND GRILL and SEAN McDERMOTT,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Ralph Hemesath appeals the district court order granting summary judgment for the defendants on his negligence claim. **AFFIRMED.**

Samuel E. Jones and Vincent S. Geis of Shuttleworth & Ingersoll, Cedar Rapids, for appellant.

Jason M. Craig and Emily A. Kolbe of Ahlers & Cooney, P.C., Des Moines, for appellees.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

While lunching at the County Line Bar and Grill in July 2015, Ralph Hemesath leaned back on his barstool. While leaning back, one of the legs of the barstool broke and Hemesath fell to the ground. He sued the bar and its owner, Sean[1] McDermott, for damages, claiming they were "negligent in their ownership and operation and/or operation of the premises." Defendants moved for summary judgment. After an unreported hearing the district court granted defendants' motion for summary judgment and dismissed the lawsuit. Hemesath appeals.

We review the district court's grant of summary judgment for correction of errors at law. *See Banwart v. 50th Street Sports, L.L.C.*, 910 N.W.2d 540, 544 (Iowa 2019). In doing so, we review the entire record before the district court at the time of summary judgment and view the evidence in the light most favorable to the nonmoving party. *See Iowa State Educ. Ass'n v. State*, 928 N.W.2d 11, 15 (Iowa 2019). "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," the court must render summary judgment. Iowa R. Civ. P. 1.981(3). A fact is material if it affects the outcome of the case, and a genuine issue exists when reasonable minds could disagree. *See Banwart*, 910 N.W.2d at 544.

The sole question on appeal is whether, on the record before us, a reasonable person could find the defendants acted negligently. A person is

---

[1] Although Hemesath named "Sean" McDermott as a defendant, McDermott's affidavit filed in support of the motion in summary judgment shows his first name is "Shaun."

negligent by failing to exercise reasonable care under the circumstances. *See Hoyt v. Gutterz Bowl & Lounge, L.L.C.*, 829 N.W.2d 772, 777 (Iowa 2013). On appeal, Hemesath alleges that the defendants (1) failed to use reasonable care to discover the condition of the barstool or (2) were aware of a defect in the barstool and failed to take reasonable care to protect him from it.

McDermott regularly inspected and maintained the stools and saw nothing wrong with them.[2] It was also undisputed that none of the stools in the bar had ever collapsed. In granting the defendants' motion for summary judgment, the district court found the record insufficient to support a finding of negligence:

> This is not a case in which res ipsa loquitur has been pled; it is incumbent on [Hemesath] to establish that there are sufficient material facts in dispute that would allow a reasonable factfinder, viewing the evidence in a light most favorable to [Hemesath], to determine that Defendants were negligent. [Hemesath] may not simply rest on his pleadings to satisfy this obligation. That is all [Hemesath] has done here, and it is insufficient. There is no evidence in the record of anything McDermott or County Line Bar and Grill did or failed to do that would support a finding of negligence by a reasonable factfinder.

We agree. Hemesath's negligence claim hinges on "[his] opinion that the barstool broke because of [an] overweight man's overuse of the barstool." In other words, the occasional use of the stool by a heavy-set patron weakened the stool's leg over time. This is pure speculation—insufficient to generate a genuine issue of fact. *See Banwart*, 910 N.W.2d at 545. The record only shows that Hemesath leaned back "a couple of inches" while sitting on a barstool, it "snapped and went right out from under [him]," and he observed a broken barstool leg after the fall. Hemesath presents no evidence that the heavy-set patron exceeded the weight

---

[2] We assume from the record the legs of the stool were metal, but that is unclear.

limit of the stool, or that the patron's use of the stool weakened it, or that the stool was visibly weak or defective.  The summary judgment record does not provide any basis to determine why Hemesath fell—whether the barstool was defective or whether it slipped out from beneath Hemesath when he leaned back.

Without evidence of a defective barstool, Hemesath cannot show the defendants knew of a defect or failed to use reasonable care to discover it.  The record does not allow a reasonable person to find the defendants acted negligently.  Because the defendants are entitled to summary judgment, we affirm.

**AFFIRMED.**